JUDGE BRODERICK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 2540

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA BERNSTEIN,

        Plaintiff,

   vs

JAY CHERNIKOFF,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

No. 14-cv-_____(___)

Removed from:

Supreme Court of the State of New York, County of Westchester

Index No.: 69775/2013

RECEIVED
APR 10 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Jay Chernikoff ("Chernikoff") hereby files this Notice of Removal, removing to the United States District Court for the Southern District of New York the case brought by Plaintiff Joshua Bernstein ("Bernstein") in the Supreme Court of New York, County of Westchester (the "State Court"), Index No. 69775/2013. In support of his notice and grounds for removal, Chernikoff states as follows:

   1.  On March 20, 2014, Plaintiff filed, in State Court, and served his Verified Amended Complaint ("Complaint") against Chernikoff and Mansard Realty Partners, LLC ("Mansard"), a copy of which is attached as Exhibit A.

   2.  This Notice of Removal is filed within 30 days after receipt by Chernikoff of service of the Complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

   3.  According to the Complaint, Bernstein is an individual residing in Westchester County, State of New York.

   4.  Chernikoff is an individual residing in the State of Arizona.

5.      According to the Complaint, Mansard is a limited liability company organized and existing under the laws of the State of Delaware, which maintained an office for the conduct of business in the State of New York.

6.      On April 2, 2014, Bernstein filed a Notice of Voluntary Discontinuance as to Defendant Mansard Realty Partners, LLC, a copy of which is attached as <u>Exhibit B</u>.

7.      Bernstein's Complaint alleges that Chernikoff breached an oral agreement to act in partnership to pursue real estate investments in Arizona and other parts of the United States by failing to pay Bernstein proceeds from certain of Chernikoff's real estate investments. Bernstein has also stated claims for a constructive trust and an accounting. Bernstein claims that he has suffered damages in the sum of not less than $150,000. Thus, this is a civil action in which the plaintiff's prayer for relief exceeds the $75,000 threshold requirement in 28 U.S.C. § 1332.

8.      Given the dismissal of Mansard from the action, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as it is a matter between citizens of different states with the amount in controversy exceeding $75,000.00, exclusive of interest and costs. Removal is proper under 28 U.S.C. § 1441(a) because this Court has diversity jurisdiction.

9.      Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. § 1441(b) because Chernikoff is not a citizen of the State of New York, the state in which this action was brought.

10.      A notice of the filing of this Notice of Removal will be filed in the Supreme Court of the State of New York, County of Westchester, with copies served on counsel of record for Plaintiff, pursuant to 28 U.S.C. §§ 1446(a) and (d).

47862435.1

11.     By filing this Notice of Removal, Chernikoff does not waive any defenses, claims or counter-claims, including without limitation, lack of personal jurisdiction, improper venue or forum, the defenses specified in Fed.R.Civ.P. 12, or any other claim or defense.

WHEREFORE, Defendant Jay Chernikoff hereby gives notice that the above-referenced action now pending against him in the Supreme Court of New York, County of Westchester, has been removed therefrom to this Court.

Dated: New York, New York
       April 9, 2014

                                        POLSINELLI PC

                                        By: /s/ Jason A. Nagi
                                            Jason Nagi
                                            Philip R. Rudd
                                            Craig Waugh
                                            900 Third Avenue, 21st Floor
                                            New York, NY 10022
                                            (212) 684-0199
                                            *Attorneys for Defendant Jay Chernikoff*

TO:

Arnold Bernstein
Bernstein & Bernstein
599 W. Hartsdale Ave.
White Plains, NY 10607
*Attorneys for Plaintiff Joshua Bernstein*

47862435.1

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

----------------------------------------------------------------X

JOSHUA BERNSTEIN,

                           Plaintiff,                   Index No. 69775/13

     -against-

                                                   **VERIFIED AMENDED**

JAY CHERNIKOFF and                            **COMPLAINT**
MANSARD REALTY PARTNERS, LLC,

                           Defendants.

----------------------------------------------------------------X

       Plaintiff, JOSHUA BERNSTEIN (hereinafter "Plaintiff"), by his attorneys, BERNSTEIN & BERNSTEIN, as and for his Amended Complaint, alleges as follows:

       1.     At all times hereinafter mentioned, Plaintiff was and continues to be an individual over the age of eighteen years and a resident of Westchester County, State of New York.

       2.     At all times hereinafter mentioned, Defendant Jay Chernikoff (hereinafter "Defendant Chernikoff") was and continues to be an individual over the age of eighteen years and a resident of the State of Arizona.

       3.     At those times hereinafter mentioned Mansard Realty Partners, LLC (hereinafter "Mansard") was and continues to be a limited liability company organized and existing under the laws of the State of Delaware.

       4.     Mansard was formed, at the suggestion of Defendant Chernikoff, by Plaintiff and Defendant Chernikoff in September 2012.

       5.     Plaintiff is a member of Mansard.

       6.     Defendant Chernikoff is a member of Mansard.

7.    Plaintiff and Defendant Chernikoff are the only members of Mansard.

8.    At all times pertinent to the actions herein Mansard maintained an office for the conduct of business in the State of New York.

9.    In February 2012, Plaintiff and Defendant Chernikoff were introduced to each other, by a mutual business acquaintance, as individuals they both might be interested in engaging in real estate transactions with.

10.    In or about April 2012 Plaintiff and Defendant Chernikoff entered into an oral agreement creating a partnership (hereinafter "the Partnership").

11.    The purpose of the Partnership was to pursue and acquire apartment complexes, retail real estate and other real estate properties and interests in real estate properties in Arizona and other parts of the United States for investment and resale purposes.

12.    Mansard Realty Partners was conceived as a name for the Partnership and later legally formed for the purpose of having a limited liability entity through which the Partnership could contract for, acquire and hold the real estate investments and/or properties until the purchase contracts could be assigned to other investors or, if acquired, the investments and/or properties could be sold.

13.    Plaintiff's role in the Partnership included, but was not limited to, financial modeling, financial projections and financial analysis of prospective properties or investments to be acquired on behalf of the Partnership.

14.    Defendant Chernikoff's role in the Partnership included, but was not limited to, putting up capital and finding investors to put up capital to acquire properties

2

or investments that Plaintiff and Defendant Chernikoff agreed to purchase and in finding investors or purchasers to whom properties or investments that were acquired or were in contract to be acquired could be flipped.

16.    Plaintiff and Defendant Chernikoff agreed that with respect to any properties or investments to be acquired if Plaintiff was the finder of the property or investments to be acquired, Plaintiff would front the expenses and if Defendant Chernikoff was the finder of the property or investment to be acquired, Defendant Chernikoff would front the expenses.

16.    Plaintiff and Defendant Chernikoff agreed to split net profits of the Partnership 25% to the Plaintiff and 75% to the Defendant Chernikoff.

17.    Plaintiff and Defendant Chernikoff further agreed that before any profits of the Partnership pertaining to any properties or investments were paid to either of them, the expenses or capital investment fronted by either of them with respect to any such property or investment from which a profit was earned would first be returned to Plaintiff to the extent he fronted them and/or to Defendant Chernikoff to the extent he fronted them.

18.    Plaintiff and Defendant Chernikoff further agreed that any losses incurred by the Partnership with respect to any of the properties or investments it acquired would be shared as it related to their capital contributions, if any, to and their percentage interest in the particular property or investment.

19.    Plaintiff and Defendant Chernikoff held themselves out as partners in negotiating and communicating with potential sellers of properties and investments and investors in properties or investments the Partnership was seeking to purchase.

3

20.    Defendant Chernikoff held Plaintiff out, and referred to Plaintiff, as his partner in negotiating and communicating with potential sellers of properties and investments and investors in properties or investments the Partnership was seeking to purchase.

21.    Plaintiff held Defendant Chernikoff out, and referred to Defendant Chernikoff, as his partner in negotiating and communicating with potential sellers of properties and investments and investors in properties and investments the Partnership was seeking to purchase.

22.    In or about April 2012, Defendant Chernikoff identified a 288 unit apartment complex in Phoenix, Arizona, known as Canyon Place Apartments (hereinafter "Canyon Place"), as an acquisition target.

23.    After conversations concerning Canyon Place, Plaintiff and Defendant Chernikoff agreed to a partnership concerning this property and other real estate investments and/or properties that the Partnership might acquire or contract to acquire.

24.    Although the terms of the Partnership agreement were not in themselves memorialized in any formal writing, Plaintiff and Defendant Chernikoff held themselves out as partners to sellers of real estate investments and properties and potential investors in real estate investments and properties and worked together as partners in the acquisition and attempted acquisition of such investments and properties.

4

25.     In furtherance of his duties and responsibilities to the Partnership, Plaintiff compiled financial projections and analyses regarding the purchase of Canyon Place.

26.     In addition to the preparation of the aforesaid financial projections and analyses by Plaintiff, Plaintiff and Defendant Chernikoff prepared marketing material in the name of Mansard Realty Partners as the purchasing entity for Canyon Place.

27.     Defendant Chernikoff executed a contract of sale for the purchase of Canyon Place in the name of an entity known as SRA Apartments, LLC (hereinafter "SRA").

28.     Upon information and belief, SRA is a Delaware limited liability Company formed by, or on behalf of, Defendant Chernikoff and of which Defendant Chernikoff is a member.

29.     Upon information and belief, at the time of the execution of the Canyon Place contract of sale, SRA had an office for the conduct of business in the State of Arizona.

30.     Defendant Chernikoff insisted on utilizing SRA as the purchase entity for Canyon Place, informing the Plaintiff that it already existed as an entity, owned no properties at the time, had an office in Arizona and was available for use by the Partnership.

31.     Plaintiff, having no reason to doubt Defendant Chernikoff's statements or *bona fides*, did not object to SRA being the purchase entity on behalf of the Partnership on the contract of sale for Canyon Place.

5

32.    Although the contract of sale listed SRA as the purchase entity, Plaintiff and Defendant Chernikoff marketed Canyon Place to potential investors using the name Mansard Realty Partners as the party in contract to purchase said property.

33.    The purchase of Canyon Place was never completed, the Plaintiff and Defendant Chernikoff, as partners, having agreed to cancel the transaction because of various problems with the property that were uncovered during the due diligence period.

34.    In or about September 2012, in furtherance of the goals, and on behalf, of the Partnership, Mansard entered into a loan sale agreement for the purchase of approximately $3,000,000 of notes and the underlying mortgages on an apartment complex in Wayne, New Jersey.

35.    Plaintiff, on behalf of Mansard and the Partnership as purchaser, signed a loan sale agreement for the purchase of said notes and mortgages.

36.    In furtherance of his duties and responsibilities to the Partnership, Plaintiff compiled financial projections and analyses regarding the purchase of the aforesaid New Jersey notes and mortgages.

37.    As part of his duties and responsibilities to the Partnership, Defendant Chernikoff posted a down payment in the approximate amount of $100,000 and sought investors for the purchase of the aforesaid New Jersey notes and mortgages.

38.    During the due diligence period allowed for under the aforesaid loan sale agreement, Defendant Chernikoff, on behalf of the Partnership, in a writing

signed by him, communicated with the seller, Royal Bank, America, requesting an extension of the due diligence period.

39.     Prior to the closing of title for the purchase of the aforesaid New Jersey notes and mortgages, Plaintiff and Defendant Chernikoff, as partners, agreed to, and did, exercise an option in the loan sale agreement to rescind it.

40.     Upon rescinding said loan sale agreement, the down payment posted by Defendant Chernikoff was returned to him.

41.     In or about January 2013, Plaintiff and Defendant Chernikoff as partners agreed to purchase two apartment complexes in Tempe, Arizona known as Campus Walk and Campus View.

42.     In furtherance of his duties and responsibilities to the Partnership, Plaintiff compiled financial projections and analyses regarding the purchase of Campus Walk and Campus View and otherwise did the due diligence for their purchase.

43.     Although the purchase of Campus Walk and Campus View was to be made on behalf of the Partnership, upon information and belief, the contract of sale for the purchase was, once again, placed in the name of SRA, as purchaser, by Defendant Chernikoff.

44.     Upon information and belief, the contract of sale for Campus Walk and Campus View was thereafter assigned by SRA to another purchaser prior to the closing of title.

45.     Upon information and belief, the contract of sale for Campus Walk and Campus View was assigned by SRA to another purchaser for a sum in excess of the price that SRA had contracted to pay for the two properties.

46.     Upon information and belief, profits were realized by Defendant Chernikoff in the assignment of the contract of sale for Campus Walk and Campus View to another purchaser.

47.     Although Plaintiff and Defendant Chernikoff had agreed to acquire Campus Walk and Campus View as partners, Defendant Chernikoff, in violation of his fiduciary responsibilities to the Partnership, and to Plaintiff as his partner, has diverted the profits of the assignment of the contract of sale with respect Campus Walk and Campus View to his own use and benefit.

48.     In or about October 2012, Plaintiff and Defendant Chernikoff agreed as partners to purchase an apartment complex in Glendale, Arizona known as Northern Terrace.

49.     Although the purchase of Northern Terrace was being made on behalf of the Partnership, Defendant Chernikoff entered into a contract of sale for the purchase between Northern Terrace Apartments, LLC, as seller and SRA as purchaser.

50.     Upon information and belief, the purchase price of Northern Terrace under the October 2012 contract was $8.86 million.

51.     Upon information and belief, as part of his duties and responsibilities to the Partnership, Defendant Chernikoff posted a "soft" contract deposit for the purchase of Northern Terrace of approximately $200,000.

52.     The aforesaid contract deposit is referred to as a "soft" deposit as, upon information and belief, it was contingent upon the purchaser raising capital through other investors in order to complete the purchase.

8

53. Notwithstanding that the contract of sale for Northern Terrace listed SRA as the purchaser, marketing brochures and promotional materials prepared by Plaintiff and Defendant Chernikoff indicated that Mansard Realty Partners was in contract to purchase Northern Terrace.

54. Said marketing brochures and promotional materials listed Defendant Chernikoff as the operating partner and member of Mansard Realty Partners and Plaintiff as a partner and member of Mansard Realty Partners.

55. In marketing and promoting Northern Terrace to potential investors, Defendant Chernikoff held himself out and represented himself as being partners with Plaintiff.

56. In marketing and promoting Northern Terrace to potential investors, Plaintiff held himself out and represented himself as being partners with Defendant Chernikoff.

57. Upon information and belief, the October 2012 contract for the purchase of Northern Terrace was cancelled by the seller because of a death on the seller's side.

58. Upon information and belief, the contract deposit posted by the Defendant Chernikoff for the purchase of Northern Terrace was returned to him or to SRA when the contract was cancelled.

59. In or about February 2013, Plaintiff and Defendant Chernikoff once again agreed, as partners, to purchase Northern Terrace.

60. Although the purchase of Northern Terrace was once again being made on behalf of the Partnership, the second contract of sale for its purchase was

9

again entered into between Northern Terrace Apartments, LLC, as seller and SRA as purchaser.

61.   Upon information and belief, the purchase price of Northern Terrace under the second contract of sale was $9.1 million.

62.   Upon information and belief, as part of his duties and responsibilities to the Partnership, Defendant Chernikoff posted a contract deposit for the purchase of Northern Terrace under the second contract.

63.   In furtherance of his duties and responsibilities to the Partnership, Plaintiff compiled financial projections and analyses, and travelled to Arizona, regarding the purchase of Northern Terrace by the Partnership.

64.   Upon information and belief, the contract of sale for the purchase of Northern Terrace was assigned by Defendant Chernikoff and SRA to a local investor for $9.55 million.

65.   Upon information and belief, profits were realized by Defendant Chernikoff in the assignment of the contract of sale for the purchase of Northern Terrace to said investor.

66.   Although Plaintiff and Defendant Chernikoff had agreed to acquire Northern Terrace as partners, Defendant Chernikoff, in violation of his fiduciary responsibilities to the Partnership, and to Plaintiff as his partner, has diverted the profits of the assignment of the second contract of sale with respect to Northern Terrace to his own use and benefit.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" hereof as if same were set forth hereat more fully and at length.

68.     Plaintiff has repeatedly demanded of Defendant Chernikoff that he honor the partnership agreement he entered into with Plaintiff and that he remit to Plaintiff the moneys due and owing to Plaintiff from the transactions set forth above.

69.     Defendant Chernikoff has refused and failed to abide by the partnership agreement he entered into with Plaintiff and has failed and refused to remit to Plaintiff the moneys due and owing to Plaintiff from the transactions set forth above.

70.     Upon information and belief, Defendant Chernikoff will continue to refuse to honor the terms of the partnership agreement he entered into with Plaintiff and will continue to refuse to remit to Plaintiff the moneys due and owing to plaintiff from the transactions set forth above.

71.     As a result of Defendant Chernikoff's breach of the partnership agreement, Plaintiff has been damaged in the sum of not less than $150,000.

### AS AND FOR A SECOND CAUSE OF ACTION

### (Constructive Trust)

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66"  and "68" through "71" hereof as if same were set forth hereat more fully and at length.

11

73.     Defendant Chernikoff, as a partner of Plaintiff, owes a fiduciary duty to Plaintiff and the Partnership.

74.     Defendant Chernikoff has breached his fiduciary duty to the Plaintiff.

75.     Defendant Chernikoff has breached his fiduciary duty to the Partnership.

76.     Plaintiff has no adequate remedy at law.

77.     Plaintiff will suffer irreparable harm unless a constructive trust is imposed on the profits of the Partnership improperly diverted by Defendant Chernikoff to his own use and benefit.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Accounting)

78.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66", "68" through "71" and "73" through "77" hereof as if same were set forth hereat more fully and at length.

79.     Plaintiff has demanded of Defendant Chernikoff an accounting of the income and expenses of the Partnership and that Defendant Chernikoff pay over to Plaintiff the share of the net profits to which Plaintiff is entitled pursuant to the partnership agreement.

80.     Defendant Chernikoff has not rendered an accounting for the moneys received by him nor has he paid any portion of the net profits to Plaintiff.

81.     Plaintiff has no adequate remedy at law.

12

WHEREFORE, Plaintiff demands judgment as follows:

a.      On the first cause of action damages in the amount not less than $150,000 plus interest thereon from the date of Defendant Chernikoff's breach of the partnership agreement.

b.      On the second cause of action imposing a constructive trust upon Defendant Chernikoff for assets improperly diverted by said defendant to his own use and benefit;

c.      On the third cause of action directing an accounting of all transactions of the Partnership and, upon completion of the accounting, that Defendant Chernikoff be ordered to pay to Plaintiff those sums improperly diverted by said defendant to his own use and benefit that are ascertained to be due to Plaintiff;

d.      For the costs and disbursements of this action, together with such other and further relief as to the Court may seem just and proper.

Dated: White Plains, New York
       March 20, 2014

Yours, etc.

BERNSTEIN & BERNSTEIN
Attorneys for Plaintiff
599 West Hartsdale Avenue
White Plains, New York 10607
(914) 997-6400

## VERIFICATION

STATE OF NEW YORK          }

COUNTY OF Westchester      } ss.:

     JOSHUA BERNSTEIN, being duly sworn, deposes and says:

     I am the Plaintiff in the above-entitled action; have read the annexed Amended Answer and know the contents thereof; that the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                          _____

                          JOSHUA BERNSTEIN

Sworn to before me this
20ᵗʰ day of March 2014

_____

**FAUSTO HERRERA**
Notary Public, State of New York
No. 01MC6048310
Qualified in Bronx County
Commission Expires August 18, 20_14_

14

## CERTIFICATION

This is to certify that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this paper or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Yours, etc.,

ARNOLD Y. BERNSTEIN
Attorney for Plaintiff
599 West Hartsdale Avenue
White Plains, NY 10607
(914) 997-6400

Exhibit B

Case 7:13-cv-08422-NSR Document 28-4 Filed 04/10/14 Page 21 of 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
JOSHUA BERNSTEIN,

                            Plaintiff,              **Index No. 69775/13**

       -against-

JAY CHERNIKOFF and                   **NOTICE OF VOLUNTARY**
MANSARD REALTY PARTNERS, LLC,     **DISCONTINUANCE AS TO**
                                     **DEFENDANT, MANSARD**
                    Defendants.    **REALTY PARTNERS, LLC**
-----------------------------------------------------------------X

Counselors:

       **PLEASE TAKE NOTICE** that, pursuant to CPLR Rule 3217(a)(1), the

Plaintiff, JOSHUA BERNSTEIN, hereby voluntarily discontinues the above-captioned

action as to Defendant, MANSARD REALTY PARTNERS, LLC, without prejudice.

Dated: White Plains, New York
      April 1, 2014

                           Yours, etc.

                           BERNSTEIN & BERNSTEIN
                           Attorneys for Plaintiff
                           599 West Hartsdale Avenue
                           White Plains, New York 10607
                           (914) 997-6400

## CERTIFICATION

This is to certify that, to the best of my knowledge, information and belief, formed

after an inquiry reasonable under the circumstances, the presentation of this paper or the

contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the

Rules of the Chief Administrator (22NYCRR).

Yours, etc.,

ARNOLD J BERNSTEIN
Attorney for Plaintiff
599 West Hartsdale Avenue
White Plains, NY 10607
(914) 997-6400

Index No. 69775 / 2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

========================================================================

JOSHUA BERNSTEIN,

Plaintiff,

-against-

JAY CHERNIKOFF and
MANSARD REALTY PARTNERS, LLC,

Defendants.

========================================================================

### NOTICE OF VOLUNTARY DISCONTINUANCE AS TO DEFENDANT, MANSARD REALTY PARTNERS, LLC

========================================================================

LAW OFFICES OF
ARNOLD I. BERNSTEIN
Attorney for Plaintiff
599 West Hartsdale Avenue
White Plains, New York 10607
(914) 997-6400

========================================================================

**NOTICE OF ENTRY**
Sir: Please take notice that the within is a (certified) true copy of a
duly entered in the office of
the Clerk of the within named Court on                    20
Dated:

========================================================================

**NOTICE OF SETTLEMENT**
Sir: Please take notice that an order                    of which the within
is a true copy will be presented for settlement to the Hon.                    one
of the judges of the within named Court, at                    on the                    day of
20         at                    .M.
Dated:

========================================================================

Service of a copy of the within
is hereby admitted.
Dated:          20                                        _____

Attorney(s) for:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA BERNSTEIN,

                              Plaintiff,                          Index No.:

                                                                 Removed from:

                    vs                                           Supreme Court of the State of New
                                                                 York, County of Westchester

JAY CHERNIKOFF,                                                  Index No.: 69775/2013

                              Defendant.


## NOTICE OF REMOVAL

**POLSINELLI, PC**
Jason A. Nagi
900 Third Avenue, 21st Floor
New York, NY 10022
(212) 644-2092

*Counsel for Defendants*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

JOSHUA BERNSTEIN,

                           Plaintiff,

               vs

JAY CHERNIKOFF,

                        Defendant.

Index No.: 69775/2013

**NOTICE OF REMOVAL**

---

**NOTICE OF REMOVAL**

---

**POLSINELLI, PC**
Jason A. Nagi
900 Third Avenue, 21st Floor
New York, NY  10022
(212) 644-2092

***Counsel for Defendants***