UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA BERNSTEIN,                                    No. 1:14-cv-02540-VSB

                Plaintiff,

   vs                                                (Oral Argument Requested)

JAY CHERNIKOFF,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**MEMORANDUM OF LAW SUPPORTING**
**<u>MOTION TO TRANSFER VENUE</u>**


                      POLSINELLI PC

                      Jason A. Nagi
                      900 Third Avenue, 21st Floor
                      New York, New York 10022
                      jnagi@polsinelli.com
                      (212) 644-2092

                      *Attorneys for Defendant, Jay Chernikoff*

Pursuant to Rule 12, Fed.R.Civ.P., Defendant, Jay Chernikoff ("Chernikoff") moves to transfer the instant action commenced by Plaintiff, Joshua Bernstein ("Bernstein") to the U.S. District Court for the District of Arizona pursuant to 28 U.S.C. § 1404. For reasons of convenience and in the interests of justice, the case should be transferred to Arizona for all further proceedings.

## INTRODUCTION

This case arises out of allegations that Chernikoff, who was at one time close friends with Bernstein, orally entered into a real estate sales and investment partnership with Bernstein and subsequently violated the alleged oral partnership contract by failing to pay Bernstein proceeds from Arizona transactions that Chernikoff negotiated. Complaint, ¶¶ 68-71. Chernikoff denies that any such partnership ever existed between him and Bernstein. However, before the substance of this dispute is addressed, it is necessary and appropriate for this case to be transferred to a proper forum—Arizona—where Chernikoff resides, where the alleged transactions occurred, where the properties subject to the alleged transactions are located, where all of the pertinent and material witnesses (other than Bernstein) are located, and where all of the pertinent and material documents are located. In fact, this case has absolutely no relationship to New York other than Bernstein residing here.

## FACTS

Chernikoff is and, all relevant times was, a resident of Scottsdale, Arizona. Complaint, ¶ 2. Bernstein is and, at all relevant times, was a resident of New York, New York. *Id.*, ¶ 1. Chernikoff was introduced to Bernstein in 2012 by a mutual friend as someone who might be able to connect Chernikoff to investors in New York to provide financial backing for real estate projects. Decalration of Jay Chernkioff in Support of Transfer ("Chernikoff Decl."), ¶ 11; Complaint, ¶ 9. Although this proved not to be the case, and Bernstein was never able to either provide funds or locate investors, the two became friends and corresponded during the following year about projects that each was working on and others they might work on together. Chernikoff Decl., ¶¶ 12-17.

2

Bernstein alleges that within two months of being introduced to Chernikoff, the parties became so close that they formed an oral contract agreeing to share the proceeds of all of their future real estate endeavors. Complaint, ¶¶ 9-11. Bernstein further alleges that the parties chose Mansard Realty Partners as the name for their partnership and formed a limited liability company called Mansard Realty Partners, LLC ("Mansard") for purposes of conducting partnership transactions.[1]  *Id.*, ¶ 12. However, Mansard was formed well prior to Chernikoff meeting Bernstein, and Chernikoff was never a member of Mansard. Chernikoff Decl., ¶¶ 18 and 19. Nor was Mansard a party to any transaction for which Bernstein seeks damages against Chernikoff. Chernikoff Decl., ¶ 14; Complaint, ¶¶ 41-47, 59-66.

The two transactions Bernstein seeks proceeds from were identified by Chernikoff in Arizona, concerned real property located in Arizona, were negotiated in Arizona, closed in Arizona, and the proceeds of those transactions were disbursed in Arizona. Chernikoff Decl., ¶¶ 12-13. The transaction documents, which neither Bernstein nor Mansard was involved in negotiating or named in, are located in Arizona, as are those individuals who would be called to testify about the transactions. *Id*. In fact, there is no connection in this case to New York at all other than Bernstein.

## LEGAL ARGUMENT

While venue may be technically allowed in this district because Bernstein filed his original complaint in New York state court, venue is much more appropriate, convenient and proper in Arizona. The transfer of venue statue, 28 U.S.C. § 1404, in fact, "presupposes that the action has been brought in a proper venue but authorizes its transfer to another district, also proper, but also more suited to the convenience of witnesses and the needs of justice." Commentary on 1996 Amendment of Section 1404; *see also*, 28 U.S.C. § 1441(e)(6) ("Nothing in this subsection shall restrict the authority of the district court to transfer or dismiss an action on the ground of inconvenient forum."). In weighing a request to transfer venue, "…the power

---

[1] Bernstein named Mansard as a defendant in this action but, prior to the removal of the case to this Court, Bernstein voluntarily discontinued his action against Mansard

3

of transfer under 1404(a) is to be liberally and, where possible, broadly exercised in the interests of justice to meet various problems which frequently arise with respect to federal general and venue jurisdiction…" *Mitchell v. Gundlach*, 136 F. Supp. 169, 175 (D.MD. 1955).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As Chernikoff resides in Scottsdale, Arizona, venue is proper there under 28 U.S.C. § 1391(a)(1) (In a diversity action, such as this one, venue is properly laid in "a judicial district where any defendant resides, if all defendants reside in the same state.").

Venue is also proper in Arizona because "a substantial part of the events or omissions giving rise to the claim occurred" there, and "a substantial part of property that is the subject of the action is situated" there. 28 U.S.C. § 1391(b)(2). These factors do not weigh in favor of New York as an equally valid forum for the litigation. The only connection to New York is that Bernstein lives here. Indeed, Bernstein does not even allege any other connection to this forum. Virtually every material issue to be decided is directly connected to Arizona and not New York, which makes Arizona the proper venue for this case in view of all of the considerations that have been elaborated in case law interpreting 28 U.S.C. § 1404(a).

Therefore, the Court should transfer this case to the United States District Court for the District of Arizona because both of the venue factors in 28 U.S.C. § 1391(b) weigh in favor of transfer, and neither supports maintaining the action in New York.

   A.   Relation of Transferee Venue to Legal Issues to be Decided.

Public and private considerations are taken into account in evaluating motions to transfer venue. The primary, public consideration is based upon the law that will apply to the dispute. "The interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Kafack v. Primerica Life Ins. Co.*, 934 F.Supp. 3 (D.D.C. 1996); WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 3854, at 466-68. The modern approach to deciding what law should govern, which is

4

followed in both New York and Arizona, "is to apply the law of the jurisdiction having the greatest interest in the litigation." *Spink & Son, Ltd. V. General Atlantic Corp.*, 167 Misc.2d 120, 637 N.Y.S.2d 921, 922 (N.Y. Sup. Ct., 1996).  This analysis is reflected in Restatement of Conflict of Laws (Second), § 188, "to the effect that when determining choice of law the 'five generally significant contacts in a contract case (are): the place of contracting, negotiation and performance; the location of the subject matter of the contract; and the domicile of the contracting parties.'" *Id*. at 923 (citations omitted).

Bernstein's first Cause of Action is for breach of contract and the second and third Causes of Action (for Constructive Trust and Accounting) depend upon the existence of a valid partnership agreement.  Absent the existence of an oral contract forming a partnership or joint venture, Bernstein's Constructive Trust and Accounting claims are barred by the statute of frauds under either state's laws.  *See* Arizona Revised Statutes § 44-101; N.Y. Gen. Oblig. Law § 5-701 (McKinney 2002).

Bernstein, as the party seeking to enforce the alleged contract, has the burden of proving its existence and its terms, including Chernikoff's assent to be bound by them.  Since Chernikoff's assent is a primary, disputed factor with respect to the existence of a contract with Bernstein, the relevant choice of laws factors are aimed squarely at Arizona, not New York.  It is Arizona where Chernikoff resides and conducts business, where he engaged in the transactions complained of, and where he would have manifested his assent to any partnership agreement with Bernstein.  Evidence and witnesses relevant to Chernikoff's assent or lack of assent to form a partnership with Bernstein are located in Arizona, not New York.

Even if Chernikoff were found to have formed a partnership contract with Bernstein, establishing a breach of the contract will require Bernstein to prove that the Arizona transactions described in the Complaint were partnership opportunities.  The first transaction complained of was for the "purchase [of] two apartment complexes in Tempe, Arizona known as Campus Walk and Campus View." Complaint, ¶ 41.  Chernikoff, acting within Arizona, contracted for the purchase of these properties using SRA Apartments, LLC, a company that "had an office for the

5

conduct of business in Arizona." Complaint, ¶¶ 29, 43.  Bernstein alleges that profits were realized by Chernikoff through SRA when SRA transferred the contract of sale for Campus Walk and Campus View to another purchaser prior to the closing of title (also within Arizona).  *Id*., ¶¶ 44-47.  The second transaction that Bernstein complains of involved the purchase of "an apartment complex in Glendale, Arizona known as Northern Terrace." *Id*., ¶ 48.  Again, all relevant aspects of the transaction occurred in Arizona and concerned Arizona real property.  *See id*., ¶¶ 61-66.  Arizona has the closest contacts with transactions taking place wholly within its borders, and Arizona law should therefore be applied in disputes concerning them.

In sum, Arizona has the greatest interest in deciding whether its residents, acting from and within Arizona, have entered into binding contracts with non-residents to form a partnership or joint venture, and it has the greatest interest in resolving disputes that concern local real estate transactions.  The Constructive Trust and Accounting claims would also require the Court to grant relief in Arizona, since that is where these transactions took place.  The interests of justice are best served by allowing the courts of Arizona to evaluate all of the claims at issue in this case and enter the appropriate rulings.  This matter should therefore be transferred to the District of Arizona for further proceedings.

    B. <u>Location of Transactions and Related Witnesses and Evidence.</u>

In addition to the foregoing public considerations, private considerations also support Chernikoff's request to transfer venue.  *See Phillips v. Reed Group, Ltd.*, 955 F.Supp.2d 201, 214 (S.D.N.Y., 2013).  Among them, "the convenience of the witnesses" is "typically regarded by courts as the most important factor in considering a motion to transfer pursuant to § 1404(a)." *Id*. Courts also consider how much weight to accord to a Plaintiff's choice of forum,  the location of relevant documents and the relative ease of access to sources of proof, the relative convenience of the parties, the locus of operative facts, "which looks to the site of the events from which the claim arises, the availability of process to compel the attendance of unwilling witnesses, the relative means of the parties and whether either party's financial situation would meaningfully impede its ability to litigate [the] case in either forum, and trial efficiency and the interests of

justice." *Id.*

In this case, the witnesses that would need to be called to testify regarding the creation of a partnership contract, and regarding the specific transactions involved in the dispute, are located almost entirely in Arizona. Bernstein does not allege that anyone outside of Arizona invested in or was privy to any of the contracts related to the Campus Walk, Campus View, or Northern Terrace transactions, including himself. All relevant documents concerning the subject transactions are located in Arizona rather than New York. Witnesses to the details and context of the transactions are located in Arizona and would fall outside the reach of this Court for purposes of service of process.

In addition, Bernstein's choice to sue Chernikoff in New York rather than in Arizona is entitled to no deference whatsoever. First, Bernstein did not choose this Court as his preferred venue. Far from it. Bernstein named Mansard, a wholly unnecessary (and ultimately dismissed) defendant, solely to attempt to destroy diversity and avoid an initial removal to federal court from the state court where he filed suit. The effect of doing so was to ensure venue in a jurisdiction that would have been wholly improper under the general venue statute that applies in federal court, 28 U.S.C. § 1391(b). Bernstein purposefully manipulated the forum by improperly including the plaintiff-affiliated and unnecessary corporate defendant, and then dismissed that defendant when he felt it was no longer needed. Therefore, the mere fact that the Plaintiff chose New York as his forum should have no weight in considering the transfer of venue of this case.

## CONCLUSION

Maintaining this case in New York rather than transferring venue to Arizona would seriously impede the discovery process and trial, impose undue hardship on Chernikoff personally, and poorly serve the interests of justice. As the forgoing illustrates, there is no justification to maintain this action in New York. Accordingly, the Court should transfer this action to the United States District Court for the District of Arizona.

Dated: New York, New York
June 5, 2014

                          POLSINELLI PC

                    By: */s/ Jason A. Nagi* _____
                        Jason A. Nagi
                        900 Third Avenue, 21st Floor
                        New York, NY  10022
                        (212) 684-0199
                    *Attorneys for Defendant Jay Chernikoff*

TO:

Arnold I. Bernstein
Ariella Bernstein
Bernstein & Bernstein
599 W. Hartsdale Ave.
White Plains, NY  10607
*Attorneys for Plaintiff Joshua Bernstein*

48161033