UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA BERNSTEIN,                               No. 1:14-cv-02540-VSB

            Plaintiff,

   vs                                           (Oral Argument Requested)

JAY CHERNIKOFF,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**REPLY MEMORANDUM OF LAW SUPPORTING**
**<u>MOTION TO TRANSFER VENUE</u>**

                                     POLSINELLI PC

                                     Jason A. Nagi
                                     900 Third Avenue, 21st Floor
                                     New York, New York 10022
                                     jnagi@polsinelli.com
                                     (212) 644-2092

                                     *Attorneys for Defendant, Jay Chernikoff*

Defendant, Jay Chernikoff ("Chernikoff") hereby submits his Reply Memorandum of Law ("Reply") in support of his motion to transfer the instant action commenced by Plaintiff, Joshua Bernstein ("Bernstein") to the U.S. District Court for the District of Arizona pursuant to 28 U.S.C. § 1404.  This Reply is supported by the Reply Declaration of Jay Chernikoff in Support of Motion to Transfer Venue ("Reply Declaration") filed herewith and the entire record in this matter.

## INTRODUCTION

Chernikoff's request that venue be transferred to the District of Arizona is based on the actual claims at issue in this case: (1) the alleged breach of a fictitious partnership agreement by way of two Arizona real estate transactions; (2) establishment of a constructive trust as to funds located in Arizona as a product of the two Arizona real estate transactions; and (3) an accounting of the income and expenses related to the Arizona real estate transactions.  Plaintiff's opposing memorandum ("Response") ignores Bernstein's three causes of action and urges that the litigation should remain in New York for the convenience of witnesses who heard the parties refer to each other as "business partners."  But these witnesses have nothing to offer in terms of probative evidence, and Bernstein has offered no other basis for the case to remain in the Southern District of New York.

The vast majority of Bernstein's response attempts to transform Mansard Realty Partners, LLC, an entity the parties might have used to close investment transactions (but never did), into a living, breathing business entity that is the result of an oral partnership agreement that exists only in Bernstein's imagination.  Bernstein's own exhibits and explanations of how he has used Mansard to suit his needs defeat that argument, showing that he portrayed it as having been involved in transactions it was not involved in, included members and partners that it did not have in his marketing materials, and otherwise.  The Court should see past this red herring and consider the case for what it is: an attempt by Bernstein to insert himself into business dealings in Arizona that he was never a party to.  That is a dispute that should be litigated in Arizona, not in New York.

**LEGAL ARGUMENT**

A.   Legal Standard.

The parties are in general agreement regarding the legal standard that applies to Chernikoff's motion. Section 1404(a) supports transfer when the movant establishes that the alternative venue is one where the action could have been filed originally and when doing so serves "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Bernstein admits that Arizona is a proper forum for the dispute because Chernikoff resides there. *See* Response, page 7. It bears repeating that Arizona has also been the appropriate venue from the outset, rather than New York, because "a substantial part of the events or omissions giving rise to the claim occurred" there, and "a substantial part of property that is the subject of the action is situated" there. Memorandum of Law Supporting Motion to Transfer Venue ("Motion"), page 4 (citing 28 U.S.C. § 1391(b)(2)).

The latter venue statute bears directly on the public considerations weighed under Section 1404(a): cases should be decided within the state having the greatest interest in the subject matter (because that state's laws will govern the outcome) and where the plaintiff's remedies would need to be enforced if the plaintiff prevails. *See* Motion, pages 4-6. The private considerations to be weighed revolve around the location and convenience of parties and witnesses, access to other sources of proof, and other practical, trial management issues that can be anticipated. *See id.*, pages 6-7; Response, page 8.

B.   Bernstein Does Not Meaningfully Dispute That Public Considerations Support Transfer to Arizona.

Whereas Chernikoff's Motion analyzed the choice of law rules in New York and Arizona in relation to Bernstein's causes of action, supporting Chernikoff's argument that the interests of justice are best served by litigating this matter in the District of Arizona, the Response ignores the relief Bernstein is seeking and the allegations made in the Amended Complaint. More than just that, the Response continues the theme Bernstein established at the State court level of continuously "moving the goal post" each time he is confronted with the flaws in his claims and forum. Bernstein's position that New York has the greater interest in the dispute therefore rings

3

hollow.

First, Bernstein appears to concede that Arizona law should apply to this case. *See* Response, page 11 (arguing, however, that this Court is equally capable of applying Arizona law). The only indication he has given that he believes New York law should apply is based on his claim that Mansard Realty Partners, LLC ("Mansard") has its principal place of business in New York and tested the waters on a number of transactions in New York and elsewhere that never came to fruition. *See id*., pages 9, 11. Yet Mansard is no longer a party to this case. Bernstein dropped Mansard from the proceedings because it has no operating agreement evidencing the "partnership" alleged to exist between Bernstein and Chernikoff, Chernikoff never signed onto any establishing documents, and the only business deals Bernstein wants a cut of are two Arizona transactions that Chernikoff negotiated and closed through SRA Apartments, LLC ("SRA"). *See* Verified Amended Complaint, ¶¶ 29, 43-48, 61-66; Notice of Voluntary Discontinuance as to Defendant, Mansard Realty Partners, LLC; Declaration of Jay Chernikoff in Support of Motion to Transfer Venue (D14) ("Chernikoff Declaration"), ¶¶ 14, 19.

What the Court is left with is an action between one individual plaintiff and one individual defendant, in which the plaintiff seeks an accounting, constructive trust, and 25% of the proceeds of two business transactions carried out between companies residing in Arizona that he is not a member of, concerning real property located in Arizona. The subject matter of this case and the relief requested by Bernstein are inextricably connected to Arizona, not New York, and it makes no sense as a public matter for this dispute to be decided in the instant venue.

C.  All *Material* Witnesses Are Located in Arizona.

Bernstein agrees that the location of witnesses and other sources of proof is perhaps the most important, private consideration in deciding a motion under Section 1404(a). *See* Response, pages 8-9. His argument that Chernikoff has failed to establish that virtually all key witnesses are located in Arizona and would be inconvenienced by traveling to New York to testify, however, lacks merit. The Motion and Mr. Chernikoff's Declaration amply describe the process by which the Arizona transactions complained of were conceived of and closed, establish

that the persons and entities involved are located in Arizona, and point out that it would be burdensome to bring all of those moving parts to New York to participate in a trial. *See* Motion, pages 6-7; Chernikoff Declaration, ¶¶ 7, 10, 12-14. As a further response to Bernstein's argument, a detailed list of witnesses and their expected testimony is provided in Jay Chernikoff's Reply Declaration, filed herewith.

      The potential witnesses identified by Bernstein have virtually nothing to contribute to this litigation that would support his claims and they do not militate in favor of retaining venue in New York. Assessing the convenience of fact witnesses under 28 U.S.C. § 1404, "[t]he Court should not 'merely tally' the number of witnesses, but rather must 'qualitatively evaluate the materiality of the testimony that the witnesses may provide.'" *Friedman v. Schwartz*, 08-CV-2801 JS/WDW, 2009 WL 701111 (E.D.N.Y. Mar. 13, 2009) (quoting *Neil Bros.*, 425 F.Supp.2d at 329 (internal quotation marks omitted)). Bernstein's witnesses, described on page 9 of Bernstein's Response and listed in its Exhibit 9, are described as people who read or heard statements to the effect that Chernikoff "held himself out as a partner in real estate investment opportunities with Josh Bernstein." None of them is alleged to have any knowledge (first-hand, second-hand, or otherwise) of the terms any partnership agreement between the parties. They could not, therefore, corroborate Bernstein's claims that he was entitled to proceeds from the Campus Walk and Campus View or the Northern Terrace transactions that SRA was involved in.

      Under New York law, if it were to apply to this case, statements made to third-parties referring to a "partner," "partnership," or similar relationship are irrelevant to the question of whether a cognizable partnership relationship exists between two parties. *See Artco, Inc. v. Kiddie, Inc.*, 1993 WL 962596, *2 (S.D.N.Y. Dec. 28, 1993) (numerous letters written by defendant referring to plaintiff as its "joint venture partner" held irrelevant to the existence of an actual partnership agreement, especially where letters conflicted with terms of "partnership agreement" alleged by plaintiff to exist) (citing *Brodsky v. Stadlen*, 138 A.D.2d 662, 663, 526 N.Y.S.2d 478, 480 (2d Dep't 1988) ("calling an organization a partnership does not make it one"); 68 C.J.S. Partnership § 10 n. 18(2) ("It is not enough...[that] the parties call themselves

5

48385741.1

'partners'"); E. Gilmore, Gilmore on Partnership § 3, at 8 (1911) ("[T]he mere fact that the parties call their relationship a partnership will not make it so.")

The same principle holds true under Arizona law: the intention of the parties to carry on as partners controls the existence of a partnership, and it is only when a third-party acts in reliance on the existence of a partnership that statements to third-parties can create liability regardless of the intentions of the parties. *See, e.g. May v. Sexton*, 68 Ariz. 358, 362-363, 206 P.2d 573, 576-577 (Ariz. 1949). There are no third-parties claiming damages or reliance on a legal partnership in this case. Bernstein is merely claiming that his efforts to explore business opportunities with Chernikoff as "partners" means that he is entitled to a share of any opportunities Chernikoff has closed by himself or with other "partners."

Chernikoff's witnesses will testify to the circumstances surrounding the Campus Walk and Campus View transaction, and the Northern Terrace transaction that are the actual subject matter of this case. Their testimony is directly relevant to Chernikoff's intention to carry out those transactions as a general partner of Bernstein. Gary Sommers, the person who Chernikoff has worked with to qualify for financing during the relevant time period, will attest to the varied nature of transactions he has worked with Chernikoff on. He was included in the Canyon Place Apartments brochure attached as Exhibit 10 to Plaintiff's Response as "a Partner and Member of Mansard Realty Partners," just as Bernstein and Chernikoff were, but he will testify that the brochure was created for Bernstein's marketing purposes and does not reflect the existence of a "partnership" agreement between the three of them. *See* Reply Declaration, ¶¶ 15-16.[1]

Jeffrey Sherman, Trevor Koskovich, and Bill Hahn, also Arizona residents, are brokers at Colliers International who were involved in the Campus Walk and Campus View transaction and the Northern Terrace transaction. They will testify regarding the deal structure and their

---

[1] This Canyon Place Apartments brochure relates to a deal the parties were exploring together, which did not go through. Its reference to Gary Sommers as a Partner and Member, together with Bernstein's acknowledgment that deals closed by Chernikoff in 2011 were used "so as to look like an established corporation" (Response, page 10) demonstrate that Mansard was not what Bernstein now portrays it to be, and does not evidence a general partnership arrangement between Bernstein and Chernikoff.

interactions with Chernikoff, consistent with his lack of a general partnership relationship with Bernstein or anyone else. The same is true of Scott Stein of Stein Law, PLC in Phoenix, Arizona, who is the transactional attorney Chernikoff has worked with in his business dealings. Patti Graham, Gina Christensen and Miranda Monroy are title agents at the Phoenix, Arizona office of Fidelity National Title, who were involved in the escrow, title, and closing process of the Arizona transactions and can attest to the parties involved. And Zachary Kepes and other individuals in the Phoenix, Arizona area who discussed potential business transactions with Chernikoff can testify to the nature of Chernikoff's "partnering" with different people on a deal-by-deal basis, rather than as general partners in a legal sense. *See* Reply Declaration, ¶ 17.

These witnesses, as opposed to the individuals Bernstein has listed, have material information bearing on this dispute. Each of them resides in Arizona and would be inconvenienced by the need to travel to New York to testify. And despite raising it as a factor to be considered, Bernstein has not claimed that he would be financially burdened by transfer of venue to Arizona. *See* Response, page 8.

        D.      <u>Other Sources of Proof Are Located in Arizona, Not New York.</u>

Bernstein does not dispute that he had no involvement in the two Arizona transactions he seeks proceeds from, which means he has no records of the transactions as they went through the process of negotiation and closing. In addition to the physical location of the witnesses involved in the deals being in Arizona, the location of their records is also in Arizona. In the absence of any documents evidencing the terms of Bernstein's purported "partnership agreement" with Chernikoff, any operating agreement or other document related to Mansard Realty Partners or Mansard Realty Partners, LLC evidencing the terms of a partnership, or any witnesses who can testify to the terms of a partnership, all sources of evidence related to this case are located in Arizona, not New York.

        E.      <u>Bernstein Did Not Choose This Court as a Forum.</u>

Finally, Bernstein's argument that his choice of forum is entitled to great weight is entirely misplaced. This case was removed to this Court by Chernikoff. Bernstein filed suit in

the Supreme Court of the State of New York, County of Westchester, and Chernikoff believes that he named Mansard Realty Partners, LLC as a defendant purely to defeat removal.

## CONCLUSION

For the foregoing reasons, Chernikoff requests that this action be transferred to the District Court for the District of Arizona pursuant to 28 U.S.C. § 1404.

Dated: New York, New York
July 10, 2014

                POLSINELLI PC

                By: */s/ Jason A. Nagi* _____
                    Jason A. Nagi
                    900 Third Avenue, 21st Floor
                    New York, NY  10022
                    (212) 684-0199
                    *Attorneys for Defendant Jay Chernikoff*

TO:

Arnold I. Bernstein
Ariella Bernstein
Bernstein & Bernstein
599 W. Hartsdale Ave.
White Plains, NY  10607
*Attorneys for Plaintiff Joshua Bernstein*