UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                              :

JOSHUA BERNSTEIN,                       :

                            Plaintiff,     :

                                                :

              - against -            :

                                                :

JAY CHERNIKOFF,                     :

                                              :

                          Defendant.   :

                                              :

--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/2015

14-CV-2540 (VSB)

**MEMORANDUM & ORDER**

Appearances:

Arnold I. Bernstein
Ariella Bernstein
Bernstein & Bernstein
White Plains, New York
*Counsel for Plaintiff*

Jason A. Nagi
Polsinelli PC
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Defendant Jay Chernikoff's Motion to Transfer Venue, (Doc. 15), is denied because

Plaintiff's choice to litigate in New York should be accorded substantial weight, especially

where—as here—the balance of private and public interest factors does not weigh in favor of

transfer.  Accordingly, for the reasons stated below, Defendant's Motion is DENIED.

    I.      **Background**

       A.    *Procedural History*

       On March 20, 2014, Plaintiff, a New York resident, filed this breach of contract action in

the Supreme Court of the State of New York.  (Doc. 2 ¶¶ 1, 3; *see id.* Ex. A ("Compl.").)  This

action was initially brought against Defendant, an Arizona resident, and Mansard Realty

Partners, LLC ("Mansard").  Mansard maintained an office for the purpose of conducting

business in New York.  (*Id.* ¶ 5.)  However, on April 2, 2014, Plaintiff voluntarily discontinued

the action against Mansard, (*id.* ¶ 7; *id.* Ex. B.), thereby creating original jurisdiction by virtue of

the parties' diversity of citizenship, and Defendant removed the action to federal court pursuant

to 28 U.S.C. § 1441(a), (*id.* ¶ 8).  Subsequent to removal, Defendant moved to transfer this

action to the District of Arizona pursuant to 28 U.S.C. § 1404(a).  (Doc. 15.)  Plaintiff opposes

transfer.  (Doc. 17.)

**B.**     ***Underlying Factual Background***

Plaintiff and Defendant met in February 2012 when they were introduced by a mutual

acquaintance who believed the two might be interested in working together.  (Compl. ¶ 9.)  The

parties dispute whether they agreed to form a partnership.  (*See id.* ¶ 10; D's Decl. ¶ 9.)[1]

Plaintiff alleges that the parties orally agreed to form Mansard for the purpose of having a

limited liability entity through which the parties could contract for, acquire, and hold real estate

investments and/or properties.  (Compl. ¶ 12.)  Defendant, however, states that he has never

entered into a partnership relationship with Plaintiff.  (D's Decl. ¶ 9.)

According to Plaintiff, from April 2012 to February 2013, the parties attempted to

purchase several different properties.  (Compl. ¶¶ 22, 34, 41, 48, 59.)  With the exception of an

apartment complex in Wayne, New Jersey, (*id.* ¶ 34), all of the alleged transactions concerned

properties in Arizona, (*id.* ¶¶ 22, 41, 48).  During this time period, however, Defendant came to

visit Plaintiff in New York, although the parties dispute whether those trips were for business

---

[1] "D's Decl." refers to the Declaration of Jay Chernikoff in Support of Motion to Transfer Venue.  (Doc. 14.)

purposes.  (D's Decl. ¶ 17; P's Decl. ¶¶ 25-26.)[2]

The last transaction occurred in February 2013, when the parties allegedly agreed to buy the Northern Terrace, an apartment in Glendale, Arizona.  (Compl. ¶¶ 48, 59.)  Plaintiff alleges that although the parties agreed to acquire Northern Terrace as partners, Defendant diverted the profits of the contract to his own use and benefit.  (*Id.* ¶ 66.)

Plaintiff subsequently brought this action for breach of contract, seeking damages, a constructive trust, and an accounting.  (*Id.* ¶¶ 67-81.)

## II.    Legal Standard

Section 1404(a) allows a district court to transfer an action to any other district court where venue is proper, for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  The purpose of [Section] 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted); *accord AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004).

Absent consent, "[a] motion to transfer venue requires a two-part inquiry:  first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate."  *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (internal quotation marks omitted); *accord Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 100 (2d Cir. 2000); *Rush v. Fischer*, 923 F. Supp. 2d 545, 556 (S.D.N.Y. 2013).  An action "might have been brought" in the forum to which the movant seeks to transfer it if subject matter

---

[2] "P's Decl." refers to the Declaration of Josh Bernstein in Opposition to Motion to Transfer Venue.  (Doc. 18.)

jurisdiction, personal jurisdiction, and venue would have been proper in the transferee court at the time of filing. *See ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008); *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004).

With regard to the second part of the inquiry, the factors to be considered include:  (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unavailing witnesses, and (7) the relative means of the parties. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006).  The analysis may incorporate "various public-interest considerations," including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Constr. Co. v. U.S. District Court for W. District of Tex.*, 134 S. Ct. 568, 581 & n.6 (2013) (internal quotation marks and alteration omitted).  "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co.*, 462 F.3d at 106.  Moreover, in applying the aforementioned factors, each factor need not be afforded equal weight. *See Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998).

Finally, the movant bears the burden of establishing, by clear and convincing evidence, that transfer is warranted. *See N.Y. Marine*, 599 F.3d at 113-14.  In deciding a motion to transfer, a court may consider material outside of the pleadings. *See Mohsen v. Morgan Stanley & Co.*, No. 11-CV-6751, 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013) (collecting cases);

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 737 n.1 (S.D.N.Y. 2013) ("[I]n deciding a motion to transfer venue, the Court may consider factual submissions, including declarations, by defendants, who have the burden to justify a change of venue.").

III.   **Analysis**

    A.   ***Whether the Action Might Have Been Brought in the District of Arizona***

Under 28 U.S.C. § 1332(a), the District of Arizona would have had subject matter jurisdiction over this action due to the parties' diversity of citizenship and because the alleged amount in controversy exceeds $75,000.  Arizona also would have had personal jurisdiction over Defendant because Defendant is an Arizona resident.  *See* Ariz. R. Civ. P. 4.2(a).  Finally, venue in Arizona would have been proper under 28 U.S.C. § 1391 because in a diversity action venue lies in "a judicial district where any defendant resides, if all defendants reside in the same state," and Defendant is an Arizona resident.  28 U.S.C. § 1391(a)(1).  Accordingly, this action could have brought in the District of Arizona.

    B.   ***1404(a) Factors***

In light of my finding that Arizona would also be a proper forum, I must now determine whether, "considering the convenience of parties and witnesses" and "the interest of justice," a transfer is appropriate.  *N.Y. Marine*, 599 F.3d at 112 (quoting 28 U.S.C. § 1404(a)); *see Fuji Photo Film Co.*, 415 F. Supp. 2d at 373.

Defendant argues that this case should be transferred to Arizona because the public and private interest factors weigh in favor of Arizona.  (D's Mem. 4-7.)[3]  Plaintiff responds that Defendant has failed to offer any evidence establishing that transfer is appropriate, and that, in

---

[3] "D's Mem." refers to the Memorandum of Law Supporting Motion to Transfer Venue.  (Doc. 16.)

any event, the convenience of parties and witnesses favors New York as the appropriate forum. (P's Opp. 1, 8-11.)[4]

### 1.      Plaintiff's Choice of Forum and the Locus of Operative Facts

In general, courts "accord[] substantial weight to . . . plaintiff's choice of forum . . . and . . . that choice should not be lightly overridden." *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002).  Indeed, the Supreme Court has advised that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see also Wiwa*, 226 F.3d at 100. Further, a plaintiff's choice is afforded more deference "where there is a material connection or significant contact between the forum state and the underlying events allegedly underlying the claim, or where the plaintiff is a resident of the forum district." *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998) (internal citations omitted); *accord Boehner v. Heise*, 410 F. Supp. 2d 228, 241 (S.D.N.Y. 2006).  Where, however, "the case's operative facts have little connection with the chosen forum," the plaintiff's choice of forum is given less weight. *UFH Endowment, Ltd. v. Nev. Manhattan Mining, Inc.*, No. 98-CV-5032, 2000 WL 1457320, at *5 (S.D.N.Y. Sept. 28, 2000) (internal quotation marks omitted).

Defendant argues that Plaintiff's choice of forum should be accorded no weight because Plaintiff initially chose New York State court as his forum, not federal court.  He further argues that Plaintiff purposefully sued Mansard to destroy diversity and ensure that this case could not be heard in federal court.  (D's Mem. 7.)  Plaintiff does not directly address this argument, but contends that his choice of forum should be given deference because there are significant contacts to New York.  (P's Opp. 11.)

---

[4] "P's Opp." refers to the Memorandum of Law in Opposition to Defendant's Motion to Transfer Venue.  (Doc. 17.)

Defendant's arguments are unavailing.  The fact that Plaintiff initially brought this action in New York State Court is not relevant to whether his choice of forum should be respected.  *See Schechter v. Tauck Tours, Inc.*, 17 F. Supp. 2d 255, 260 (S.D.N.Y. 1998) (disregarding removal from state court in concluding that plaintiff's choice of New York forum was entitled to substantial deference).  Further, Plaintiff's choice to litigate in New York is entitled to deference, especially where, as here, Plaintiff is a resident of New York and has demonstrated that connections to New York exist.  *See Orb Factory*, 6 F. Supp. 2d at 210.  Specifically, Plaintiff alleges that Defendant's trips to New York concerned business ventures he was allegedly pursuing on behalf of Mansard and that the parties orally agreed to enter into a partnership that had its office in New York.  (P's Decl. ¶¶ 6-7, 16-17, 24.)  Moreover, as discussed below, Plaintiff identified several witnesses, all of whom are located in New York, who have knowledge of the alleged partnership.  (*Id*. Ex. 9.)  These issues, combined with Plaintiff's New York residency, are sufficient to show that Plaintiff's choice of a New York forum should be accorded significant weight.

### 2.      Convenience of Witnesses

On a motion to transfer, the movant must "submit[] a list of likely witnesses who would be inconvenienced by the continued litigation of this case in the present forum, together with a general statement of each witness'[s] testimony."  *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004); *see Alcoa S.S. Co., Inc. v. M/V Nordic Regent*, 654 F.2d 147, 161 (2d Cir. 1981); *Kiss My Face Corp. v. Bunting*, No. 02-CV-2645, 2003 WL 22244587, at *2 (S.D.N.Y. Sept. 30, 2003) (collecting cases) (factor weighed against transfer where defendant failed to provide list of specific witnesses).  "When assessing the convenience of witnesses, a court does not merely tally the number of witnesses who reside in the current forum

in comparison to the number located in the proposed transferee forum.  Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 286.

Defendant argues that almost all the relevant witnesses are located in Arizona.  (D's Mem. 7.)  Although Defendant failed to identify specific witnesses in his moving brief, Defendant did include a list of potential witnesses along with a general statement of their testimony with his reply, all of whom are located in Arizona and would be called to testify regarding the real estate transactions allegedly pursued in Arizona.[5]  (*See* D's Reply Decl. ¶ 17.)[6] Plaintiff, however, also identified several witnesses, all of whom are located in New York and who would testify concerning the existence of the alleged partnership between Plaintiff and Defendant.  (P's Decl. Ex. 9.)  Defendant argues that Plaintiff's witnesses are not material because none of them is alleged to have any knowledge of the terms of the partnership agreement between the parties.  (D's Reply 5.)[7]  In a case such as this, however, which is essentially "he-said/he-said," circumstantial evidence such as whether Defendant held himself out as a partner of Mansard may be useful in determining whether the parties did indeed enter into a partnership agreement.  Thus, both parties have presented me with several witnesses located in each jurisdiction, all of whose testimony may be relevant to this case.

Accordingly, at best this factor is neutral and does not weigh in favor of retention or

---

[5] In general, when a party fails to raise an issue until a reply brief, that issue is deemed waived.  *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) ("[Appellant] failed to raise any challenge to this ruling in her primary brief.  Although she briefly mentioned the district court's determination in her reply brief, we ordinarily will not consider issues raised for the first time in a reply brief."); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").  However, because the outcome is the same whether or not I consider the list provided by Defendant in his reply declaration, I need not consider whether Defendant waived his right to present a specific list of witnesses by not including it with his moving brief.

[6] "D's Reply Decl." refers to the Reply Declaration of Jay Chernikoff in Support of Motion to Transfer Venue. (Doc. 20.)

[7] "D's Reply" refers to the Reply Memorandum of Law Supporting Motion to Transfer Venue.  (Doc. 19.)

transfer.

### 3. Convenience of the Parties

Defendant fails to address this factor.  In any event, however, the convenience of the

parties does not weigh in his favor because "a mere shifting of inconveniences is not grounds for

transfer."  *Arrow Elecs., Inc. v. Ducommun, Inc.*, 724 F. Supp. 265, 266 (S.D.N.Y. 1989); *accord*

*Walker v. Jon Renau Collection, Inc.*, 423 F. Supp. 2d 115, 118 (S.D.N.Y. 2005).  As Plaintiff is

a New York resident and Defendant resides in Arizona, transfer of this case to Arizona would

result merely in a shifting of inconveniences.  Accordingly, this factor does not support transfer.

### 4. Location of Documents and Relative Ease of Access to Sources of Proof

"[A]ccess to documents and other proof is not a persuasive factor in favor of transfer

without proof that documents are particularly bulky or difficult to transport, or proof that it is

somehow a greater imposition for defendant to bring its evidence to New York than for plaintiff

to bring its evidence to the moving party's proposed forum."  *Constitution Reins. Corp. v.*

*Stonewall Ins. Co.*, 872 F. Supp. 1247, 1251 (S.D.N.Y. 1995) (alteration omitted) (quoting

*Sunshine Cellular v. Vanguard Cellular Sys., Inc.*, 810 F. Supp. 486, 500 (S.D.N.Y. 1992)).

Defendant states that the relevant documents concerning the alleged real estate transactions are

located in Arizona, but does not suggest that accessing those documents would be more difficult

were the case to remain in New York.  Accordingly, this factor does not weigh in favor of

transfer.

### 5. Relative Means of the Parties

Defendant does not argue that his financial means place him at any disadvantage in

litigating this action.  Thus, this factor does not weigh in favor of transfer.

**6.      Familiarity with the Governing Law and Public Interest Factors**

Defendant's primary argument is that Arizona law will be used to analyze Plaintiff's claim and thus the case should be litigated in an Arizona court.  (D's Mem. 4-6.)  Regardless of whether Arizona or New York law should apply, however, "federal judges routinely apply the law of a State other than the State in which they sit," and thus the application of Arizona law would not warrant transfer of this case.  *Atl. Marine*, 134 S. Ct. at 584.  Moreover, no other public interest factor, such as court congestion, judicial economy, or the interests of justice, counsel in favor of transferring this matter to Arizona.  Accordingly, the public interest factors do not support the transfer of venue.

*      *      *

After reviewing both the private and the public interest factors, I find that Defendant has failed to satisfy his burden of demonstrating the desirability of transfer, as he has not made a clear and convincing showing that the balance of convenience favors disturbing Plaintiff's choice of forum.  *See N.Y. Marine*, 599 F.3d at 114.  Accordingly, this case shall remain before me in the Southern District of New York.

IV.     <u>**Conclusion**</u>

For the reasons stated above, Defendant's Motion is DENIED.  The Clerk of Court is respectfully directed to terminate the pending Motion.  (Doc. 15.)

The parties shall file a proposed Case Management Plan and Scheduling Order, a template of which is available online at http://nysd.uscourts.gov/judge/Broderick, by February 19, 2015.

SO ORDERED.

Dated: February 5, 2015
       New York, New York

Vernon S. Broderick
United States District Judge