UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA BERNSTEIN,

                        Plaintiff,                        No. 1:14-CV-02540 (VSB)

                vs

JAY CHERNIKOFF,

                        Defendant.

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
## OF DEFENDANT JAY CHERNIKOFF

Subject to and without waiving any affirmative defenses, Jay Chernikoff ("Mr. Chernikoff" or "Defendant") hereby submits his response to Plaintiff's Verified Amended Complaint and shows the Court as follows:

1.      Mr. Chernikoff lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1, and therefore denies the same.

2.      Mr. Chernikoff admits the allegations set forth in Paragraph 2 of the Verified Amended Complaint.

3.      Mr. Chernikoff lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3, and therefore denies the same.

4.      Mr. Chernikoff lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4, and therefore denies the same.

5.      Mr. Chernikoff lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5, and therefore denies the same.

6.      Mr. Chernikoff denies the allegations set forth in Paragraph 6 of the Verified Amended Complaint.

7.      Mr. Chernikoff denies the allegations set forth in Paragraph 7 of the Verified

Amended Complaint.

8.      Mr. Chernikoff lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8, and therefore denies the same.

9.      Mr. Chernikoff admits that he was introduced to Plaintiff in or around February 2012 by a mutual acquaintance.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 9.

10.      Mr. Chernikoff denies the allegations set forth in Paragraph 10 of the Verified Amended Complaint.

11.      Mr. Chernikoff denies the allegations set forth in Paragraph 11 of the Verified Amended Complaint.

12.      Mr. Chernikoff denies the allegations set forth in Paragraph 12 of the Verified Amended Complaint.

13.      Mr. Chernikoff denies the allegations set forth in Paragraph 13 of the Verified Amended Complaint.

14.      Mr. Chernikoff denies the allegations set forth in Paragraph 14 of the Verified Amended Complaint.

15.      Mr. Chernikoff denies the allegations set forth in Paragraph 15 of the Verified Amended Complaint.

16.      Mr. Chernikoff denies the allegations set forth in Paragraph 16 of the Verified Amended Complaint.

17.      Mr. Chernikoff denies the allegations set forth in Paragraph 17 of the Verified Amended Complaint.

18.      Mr. Chernikoff denies the allegations set forth in Paragraph 18 of the Verified Amended Complaint.

19.    Mr. Chernikoff admits that, on occasion, he colloquially referred to Plaintiff as his partner, but denies having ever entered into a partnership with Plaintiff.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 19.

20.    Mr. Chernikoff admits that, on occasion, he colloquially referred to Plaintiff as his partner, but denies having ever entered into a partnership with Plaintiff.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 20.

21.    Mr. Chernikoff lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21, and therefore denies the same.

22.    Mr. Chernikoff admits that, in or around February 2012, he identified Canyon Place Apartments as an acquisition target.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 22.

23.    Mr. Chernikoff denies the allegations set forth in Paragraph 23 of the Verified Amended Complaint.

24.    Mr. Chernikoff admits that, on occasion, he colloquially referred to Plaintiff as his partner, but denies having ever entered into a partnership with Plaintiff.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 24.

25.    Mr. Chernikoff denies the allegations set forth in Paragraph 25 of the Verified Amended Complaint.

26.    Mr. Chernikoff admits that marketing materials were prepared with respect to the potential acquisition of Canyon Place using the name Mansard.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 26.

27.    Mr. Chernikoff admits the allegations set forth in Paragraph 27 of the Verified Amended Complaint.

28.    Mr. Chernikoff admits the allegations set forth in Paragraph 28 of the Verified

Amended Complaint.

29.     Mr. Chernikoff admits the allegations set forth in Paragraph 29 of the Verified Amended Complaint.

30.     Mr. Chernikoff denies that Plaintiff had any basis on which to object to SRA's entering into a sales contract for the Canyon Place property because no partnership existed between Plaintiff and Defendant.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 30.

31.     Mr. Chernikoff denies that Plaintiff had any basis on which to object to SRA's entering into a sales contract for the Canyon Place property because no partnership existed between Plaintiff and Defendant.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 31.

32.     Mr. Chernikoff admits that SRA was the purchasing entity listed in the sales contract for Canyon Place.  Mr. Chernikoff further admits that, upon information and belief, the name Mansard Realty Partners was contained in the text of a teaser related to the Canyon Place Property.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 32.

33.     Mr. Chernikoff admits that the purchase of Canyon Place was never completed. Mr. Chernikoff denies the remaining allegations set forth in Paragraph 33.

34.     Mr. Chernikoff admits that Mansard entered into an agreement with respect to the Wayne, New Jersey property.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 34.

35.     Mr. Chernikoff admits that Plaintiff signed an agreement with respect to the Wayne, New Jersey property.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 35.

36.     Mr. Chernikoff admits that Plaintiff compiled financial projections and analyses

with respect to the Wayne, New Jersey property. Mr. Chernikoff denies the remaining allegations set forth in Paragraph 36.

37. Mr. Chernikoff admits that he and Plaintiff made a down payment of approximately $100,000 with respect to the Wayne, New Jersey property, of which Mr. Chernikoff paid $90,000 and Plaintiff paid $10,000. Mr. Chernikoff denies the remaining allegations set forth in Paragraph 37.

38. Mr. Chernikoff admits that during the due diligence period allowed for under the aforesaid agreement, Mr. Chernikoff, in a writing signed by him, communicated with the seller, Royal Bank, America, requesting an extension of the due diligence period. Mr. Chernikoff denies the remaining allegations set forth in Paragraph 38.

39. Mr. Chernikoff admits that the loan sale agreement relating to the Wayne, New Jersey property was rescinded prior to any closing. Mr. Chernikoff denies the remaining allegations set forth in Paragraph 39.

40. Mr. Chernikoff admits that the down payment was returned. Mr. Chernikoff denies the remaining allegations set forth in Paragraph 40.

41. Mr. Chernikoff denies the allegations set forth in Paragraph 41 of the Verified Amended Complaint.

42. Mr. Chernikoff denies the allegations set forth in Paragraph 42 of the Verified Amended Complaint.

43. Mr. Chernikoff admits that SRA entered into a contract for purchase of the Campus Walk and Campus View properties. Mr. Chernikoff denies the remaining allegations set forth in Paragraph 43.

44. Mr. Chernikoff admits the allegations set forth in Paragraph 44 of the Verified Amended Complaint.

45.     Mr. Chernikoff admits the allegations set forth in Paragraph 45 of the Verified Amended Complaint.

46.     Mr. Chernikoff admits the allegations set forth in Paragraph 46 of the Verified Amended Complaint.

47.     Mr. Chernikoff denies the allegations set forth in Paragraph 47 of the Verified Amended Complaint.

48.     Mr. Chernikoff denies the allegations set forth in Paragraph 48 of the Verified Amended Complaint.

49.     Mr. Chernikoff admits that SRA entered into a contract for purchase of the Northern Terrace property.   Mr. Chernikoff denies the remaining allegations set forth in Paragraph 49.

50.     Mr. Chernikoff admits the allegations set forth in Paragraph 50 of the Verified Amended Complaint.

51.     Mr. Chernikoff denies the allegations set forth in Paragraph 51 of the Verified Amended Complaint.

52.     In response to the allegations contained in Paragraph 52 of Plaintiff's Verified Amended Complaint, Mr. Chernikoff states that the contract for purchase of Northern Terrace speaks for itself as to form, content, and legal effect and denies any allegations inconsistent therewith.

53.     In response to the allegations contained in Paragraph 53 of Plaintiff's Verified Amended Complaint, Mr. Chernikoff states that the marketing brochures and promotional materials alleged speak for themselves as to form, content, and legal effect and denies any allegations inconsistent therewith.

54.     In response to the allegations contained in Paragraph 54 of Plaintiff's Verified

Amended Complaint, Mr. Chernikoff states that the marketing brochures and promotional materials alleged speak for themselves as to form, content, and legal effect and denies any allegations inconsistent therewith.

55.     Mr. Chernikoff admits that, on occasion, he colloquially referred to Plaintiff as his partner, but denies having ever entered into a partnership with Plaintiff.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 55.

56.     Mr. Chernikoff admits that, on occasion, he colloquially referred to Plaintiff as his partner, but denies having ever entered into a partnership with Plaintiff.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 56.

57.     Mr. Chernikoff denies the allegations set forth in Paragraph 57 of the Verified Amended Complaint.

58.     Mr. Chernikoff admits the allegations set forth in Paragraph 58 of the Verified Amended Complaint.

59.     Mr. Chernikoff denies the allegations set forth in Paragraph 59 of the Verified Amended Complaint.

60.     Mr. Chernikoff denies the allegations set forth in Paragraph 60 of the Verified Amended Complaint.

61.     Mr. Chernikoff admits the allegations set forth in Paragraph 61 of the Verified Amended Complaint.

62.     Mr. Chernikoff admits that he made a deposit for the purchase of Northern Terrace.  Mr. Chernikoff denies the remaining allegations set forth in Paragraph 62.

63.     Mr. Chernikoff denies the allegations set forth in Paragraph 63 of the Verified Amended Complaint.

64.     Mr. Chernikoff denies the allegations set forth in Paragraph 64 of the Verified

Amended Complaint.

65.     Mr. Chernikoff admits the allegations set forth in Paragraph 65 of the Verified Amended Complaint.

66.     Mr. Chernikoff denies the allegations set forth in Paragraph 66 of the Verified Amended Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

67.     In response to Paragraph 67 of the Verified Amended Complaint, Mr. Chernikoff incorporates by reference as if fully set forth herein his responses and defenses to Paragraphs 1 through 66 of the Verified Amended Complaint.

68.     Mr. Chernikoff denies the allegations set forth in Paragraph 68 of the Verified Amended Complaint.

69.     Mr. Chernikoff denies the allegations set forth in Paragraph 69 of the Verified Amended Complaint.

70.     Mr. Chernikoff denies the allegations set forth in Paragraph 70 of the Verified Amended Complaint.

71.     Mr. Chernikoff denies the allegations set forth in Paragraph 71 of the Verified Amended Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Constructive Trust)

72.     In response to Paragraph 72 of the Verified Amended Complaint, Mr. Chernikoff incorporates by reference as if fully set forth herein his responses and defenses to Paragraphs 1 through 71 of the Verified Amended Complaint.

73.     Mr. Chernikoff denies the allegations set forth in Paragraph 73 of the Verified

Amended Complaint.

74.     Mr. Chernikoff denies the allegations set forth in Paragraph 74 of the Verified Amended Complaint.

75.     Mr. Chernikoff denies the allegations set forth in Paragraph 75 of the Verified Amended Complaint.

76.     Mr. Chernikoff denies the allegations set forth in Paragraph 76 of the Verified Amended Complaint.

77.     Mr. Chernikoff denies the allegations set forth in Paragraph 77 of the Verified Amended Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Accounting)

78.     In response to Paragraph 78 of the Verified Amended Complaint, Mr. Chernikoff incorporates by reference as if fully set forth herein his responses and defenses to Paragraphs 1 through 77 of the Verified Amended Complaint.

79.     Mr. Chernikoff denies the allegations set forth in Paragraph 79 of the Verified Amended Complaint.

80.     Mr. Chernikoff admits the allegations set forth in Paragraph 80 of the Verified Amended Complaint.

81.     Mr. Chernikoff denies the allegations set forth in Paragraph 81 of the Verified Amended Complaint.

## RESPONSE TO UNNUMBERED "WHEREFORE" PARAGRAPH

Although the unnumbered "WHEREFORE" paragraph following Paragraph 81 of the Verified Amended Complaint requires no specific response, Mr. Chernikoff denies that Plaintiff is entitled to any relief in this matter and denies the allegations set forth therein, including

subparts.

## GENERAL DENIAL

Any and all allegations not expressly or specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiff's Verified Amended Complaint fail to state a claim upon which relief may be granted against Defendant by this Court.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiff's Verified Amended Complaint are barred by the statute of frauds.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for constructive trust fails because Defendant did not owe any duty to Plaintiff as alleged in Plaintiff's Verified Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for constructive trust fails because, to the extent that any duty was owed by Defendant to Plaintiff or any alleged partnership, Defendant did not breach any such duty.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages are or may be barred in whole or in part by offsetting damages owed by Plaintiff to Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract fails because Defendant did not enter into a partnership agreement as alleged in Plaintiff's Verified Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim fails because, to the extent that Plaintiff and

Defendant entered into a partnership agreement, Defendant did not breach such agreement.

<b>EIGHTH AFFIRMATIVE DEFENSE</b>

Plaintiff's breach of contract claim fails due to Plaintiff's failure of performance or other conduct by Plaintiff.

<b>NINTH AFFIRMATIVE DEFENSE</b>

To the extent applicable, Defendant pleads the defenses of accord and satisfaction, estoppel, payment, rescission, release, and waiver.

<b>TENTH AFFIRMATIVE DEFENSE</b>

Plaintiff has not suffered any damages or loss proximately caused by Defendant's alleged breach of contract and/or fiduciary duties.

<b>ELEVENTH AFFIRMATIVE DEFENSE</b>

Any damages to which Plaintiff may be entitled are limited by statute, contract and/or common law.

<b>TWELFTH AFFIRMATIVE DEFENSE</b>

Plaintiff is not entitled to equitable remedies because, *inter alia*, adequate remedies at law are available and Plaintiff comes with unclean hands.

<b>THIRTEENTH AFFIRMATIVE DEFENSE</b>

Defendant reserves the right to plead and assert additional defenses as discovery or further assertions by Plaintiff should thereafter dictate.

<b><u>JURY DEMAND</u></b>

Mr. Chernikoff demands that all claims in Plaintiff's Verified Amended Complaint and Mr. Chernikoff's Counterclaims that are proper for presentation to a jury be tried before a jury.

<b><u>COUNTERCLAIMS</u></b>

Mr. Chernikoff, having answered and defended against Plaintiff's claims, and without

11

waiving his right to any defense, asserts his Counterclaims pursuant to Fed. R. Civ. P. 13(a) against Plaintiff as follows:

<b>STATEMENT OF FACTS</b>

1.     Plaintiff has alleged that Mr. Chernikoff and Plaintiff entered into a partnership, which included many potential deals, such as: (1) the Canyon Place deal in or around April 2012; (2) the Wayne, New Jersey deal in or around September 2012; (3) the Campus Walk and Campus View deal in or around January 2013; and (4) the Northern Terrace deal in or around February 2013.

2.     Mr. Chernikoff vehemently denies that he entered into a partnership with Plaintiff for any purpose.

3.     However, to the extent that Mr. Chernikoff is found to have entered into a partnership with Plaintiff for any purpose, Mr. Chernikoff is entitled to 90 percent (%) of all net profits made by Plaintiff on behalf of the alleged partnership.

4.     At the very least, according to Plaintiff's own allegations, Mr. Chernikoff is entitled to 75 percent (%) of all net profits made by Plaintiff on behalf of the alleged partnership.

5.     Further, pursuant to the partnership agreement alleged by Plaintiff, to the extent such partnership is found to exist, Mr. Chernikoff is entitled to the repayment of the portion of the losses incurred by the alleged partnership which are attributable to Plaintiff's share in the alleged partnership.

<b>COUNT I:</b>

<b><u>BREACH OF CONTRACT</u></b>

6.     Mr. Chernikoff incorporates by reference paragraphs 1 through 5 of his Counterclaims, his Affirmative Defenses, and Paragraphs 1 through 81 of his response to the

numbered paragraphs of the Verified Amended Complaint as well as the unnumbered "Wherefore" paragraph as if fully set forth herein.

7.      Pursuant to Plaintiff's allegations, Mr. Chernikoff and Plaintiff purportedly entered into a partnership agreement.

8.      Under such alleged partnership agreement, Mr. Chernikoff is entitled to 90 percent (%) of all net profits made by the alleged partnership.  In the alternative, according to Plaintiff's own allegations, Mr. Chernikoff is entitled to 75 percent (%) of all net profits made by the alleged partnership.

9.      Mr. Chernikoff is further entitled to those losses incurred, which are attributable to Plaintiff's alleged share in the purported partnership, *i.e.* 10 percent (%) (or, in the alternative, 25 percent (%)).

10.     Upon information and belief, during the period of the alleged partnership, Plaintiff made net profits on behalf of the alleged partnership.

11.     The alleged partnership, had it existed, further incurred losses, which are attributable to Plaintiff's purported percentage interest in the alleged partnership, and which were borne solely by Mr. Chernikoff.

12.     Plaintiff's failure to pay Mr. Chernikoff 90 percent (%) (or, in the alternative, 75 percent (%)) of those net profits made by Plaintiff on behalf of the alleged partnership and failure to repay Mr. Chernikoff for losses incurred by the partnership, in an amount proportional to Plaintiff's purported share in the alleged partnership, and borne solely by Mr. Chernikoff constitute a breach of the alleged partnership agreement.

13.     As a result of Plaintiff's breach of the alleged partnership agreement, Mr. Chernikoff has suffered, and continues to suffer, damages in an amount to be proven at trial.

## COUNT II:

## BREACH OF FIDUCIARY DUTY

14.     Mr. Chernikoff incorporates by reference paragraphs 1 through 13 of his Counterclaims, his Affirmative Defenses, and Paragraphs 1 through 81 of his response to the numbered paragraphs of the Verified Amended Complaint as well as the unnumbered "Wherefore" paragraph as if fully set forth herein.

15.     Pursuant to Plaintiff's allegations, Mr. Chernikoff and Plaintiff purportedly entered into a partnership.

16.     As a result of that alleged partnership, Plaintiff owes a fiduciary duty to Mr. Chernikoff.

17.     To the extent that this Court finds that such a fiduciary duty existed, Plaintiff has breached that duty to Mr. Chernikoff by failing to pay Mr. Chernikoff 90 percent (%) (or, in the alternative, 75 percent (%)) of those net profits made by Plaintiff on behalf of the alleged partnership and failing to repay Mr. Chernikoff for losses incurred by the partnership, in an amount proportional to Plaintiff's purported share in the alleged partnership, *i.e.* 10 percent (%) (or, in the alternative, 25 percent (%)), and borne solely by Mr. Chernikoff.

18.     As a result of Plaintiff's breach of the alleged fiduciary duty, Mr. Chernikoff has suffered, and continues to suffer, damages in an amount to be proven at trial.

WHEREFORE, Mr. Chernikoff respectfully requests judgment in his favor and against Counter-Defendant including but not limited to:

(1)     Judgment granting actual damages, compensatory damages, litigation fees and expenses, monies, and all other damages allowed by law; and

(2)     Any other relief that this Court deems proper.

Dated: New York, New York
       March 30, 2015

                                     Respectfully submitted,


                                     POLSINELLI PC


                                     By:  */s/  Jason A. Nagi*_____
                                          Jason A. Nagi
                                          900 Third Avenue, 21st Floor
                                          New York, NY  10022
                                          (212) 684-0199

                                          *Attorneys for Defendant Jay Chernikoff*



                          **CERTIFICATE OF SERVICE**

       I hereby certify that on the 30th day of March, 2015, I caused a true and correct copy of

the **Answer, Affirmative Defenses, and Counterclaims of Defendant Jay Chernikoff** to be

filed electronically with the Clerk of Court using the CM/ECF system, which will automatically

send e-mail notification of such filing to the following attorneys of record:

       Arnold I. Bernstein
       Ariella Bernstein
       Bernstein & Bernstein
       599 West Hartsdale Avenue
       White Plains, New York 10607


                                     */s/  Jason A. Nagi*_____